

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-177-02317

*Law and Policy Section*
*P.O. Box 4390*
*Ben Franklin Station*
*Washington, DC 20044-4390*

*Telephone (202)305-0472*
*Facsimile (202) 514-4231*

October 11, 2012

Honorable Richard A. Jones
U.S. District Court for the
   Western District of Washington
Union Station Courthouse
700 Stewart Street
Seattle, WA 98101-1271

Re:    Swinomish Indian Tribal Community v. Skagit County Dike District No. 22,
       No. C07-1348-RAJ (W.D. Wash.).

Dear Judge Jones:

On October 5, 2012, the parties filed with the Court in the above-referenced action a Stipulated Motion to Approve Second Amended Consent Decree, Proposed Order Approving Second Amended Consent Decree, and a Second Amended Consent Decree Re. Remedy for Violations of Endangered Species Act and Clean Water Act. A copy of the proposed Second Amended Consent Decree was sent to undersigned counsel for the United States pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator [of the Environmental Protection Agency].

See also 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

Under the circumstances to be described, the United States waives the 45 day review period in this case. The parties to this action provided counsel for the United States with a draft of the proposed Second Amended Consent Decree several weeks ago. Counsel for the United States and EPA reviewed the proposed settlement document and provided suggested edits to the proposed settlement to counsel for the parties. The edits suggested by the United States have been incorporated into the proposed Second Amended Consent Decree filed with the Court. Accordingly, the United States waives the 45-day review period normally required under the Clean Water Act.

The United States has reviewed and does not object to the entry of the proposed Consent Decree in this action. We accordingly notify the Court of that fact. The United States affirms for the record that it is not bound by this settlement. See, e.g., Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc., 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); Sierra Club v. Electronic Controls Design, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. See 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 305-0472 if you have any questions.

Sincerely,

By:    s/Thomas W. Swegle
Thomas Swegle, Attorney
Washington State Bar No. 15667
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C. 20044-7415
Tel: 202-305-0472
Fax: 202-514-4231

cc:    Jan Hasselman, Counsel for Plaintiff
Gary T. Jones, Counsel for Defendant
Karen Jean Budd-Falen, Counsel for Defendant